IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY E. PEEL, | ) |
|         Petitioner, | ) |
| vs. | ) Case No. 17-cv-1045-SMY |
| JOHN M. KOECHNER, | ) |
|         Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Gary Peel, who is currently serving a 3-year term of supervised release after having served the required period of incarceration pursuant to his 144-month sentence, brings this habeas corpus action pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his conviction and sentence.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Additionally, under Rule 1(b), the district court is authorized to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition, this Court concludes that this action is subject to dismissal.

1

## Procedural Background

Peel was convicted by a jury in this Court of bankruptcy fraud, obstruction of justice and possession of child pornography. He was sentenced to a term of 144 months incarceration on November 19, 2007. *United States v. Peel*, Case No. 06-cr-30049-WDS. The facts underlying his conviction were summarized by the United States Court of Appeals for the Seventh Circuit as follows:

> The events giving rise to this case go back a long way. In 1967 the defendant married. Seven years later he began an affair with his wife's 16-year-old sister. In the course of the affair, which lasted several months, he took nude photographs of her . . . . In response to her later request for the pictures, he gave her some of them . . . and, without telling her, retained others in a file in his office.
>
> In June 2003 the Peels divorced, and agreed to a marital settlement. The following year Peel filed suit in an Illinois state court to vacate the settlement. The year after that he filed for bankruptcy and asked the bankruptcy court to discharge the financial obligations to his ex-wife that the settlement agreement had imposed. She opposed the discharge and filed a claim for the money that he owed her under the settlement. . . . [H]is debt to her under the settlement probably was not dischargeable in bankruptcy under the Bankruptcy Code as it then read. [citations omitted] (Under the current Code, it almost certainly would not be dischargeable. [citations omitted].) So he had to persuade her to drop the claim.
>
> Negotiations looking to compromise it were predictably acrimonious and in the course of them the defendant told her about the nude photographs of her sister and said that "these would be . . . an item that would likely get out into the public if we didn't stop this escalating battle of putting things in the newspaper." He backed up his threat by placing photocopies of the photographs in her mailbox. She complained to the police and later to federal authorities, and at their direction made recorded phone calls to the defendant. The conversations confirmed that he was blackmailing her with the photographs. He faxed her a draft of a settlement agreement that she had previously rejected, adding a provision requiring him to return certain unidentified photographs to her. They met and he showed her the originals. The meeting was recorded, and included an exchange in which she said: "So you resort to blackmailing me?" He replied: "There's nothing left. I'm down to: no kids; no grand-kids; no money." "And, so," she responded, "blackmailing me with photographs . . . . Okay, but as long as I go ahead and sign these settlement agreements . . . ." He replied: "Right then you have . . . ." And she: ". . . you'll give me the photographs . . . ." And he: "On the spot."

*United States v. Peel*, 595 F.3d 763, 765-66 (7th Cir. 2010).

On remand after direct appeal, this Court dismissed the conviction for obstruction of justice, recalculated the amount of the intended loss relevant to the bankruptcy fraud, recalculated the applicable guideline sentencing range and resentenced Peel to 144 months (which included consecutive sentences of 24 months for bankruptcy fraud and 102 months for possession of child pornography). That sentence was affirmed on appeal from the Amended Judgment. *United States v. Peel*, 668 F.3d 506 (7th Cir. 2012).

In both the first and second appeals, Peel contested the criminality of his possession of the nude photographs of the then-16-year-old minor. The appellate court rejected his contention that the photos should not be characterized as "child pornography" in 2005-2006, because at the time he took them in 1974, the statute under which he was convicted had not yet been enacted and the photos were not illegal when they were taken. The child pornography statute was amended in 1984 to provide that a minor under age 18 was a "child," thus criminalizing Peel's possession of the photos when he was charged and convicted. Noting that Peel had forfeited this argument because he did not raise it at trial, the Seventh Circuit nonetheless addressed the merits and rejected Peel's argument that his possession of the originally-legal pictures should be "grandfathered" and that he should not be subject to prosecution under the amended version of the statute. *Peel*, 668 F.3d at 509 (citing *Peel*, 595 F.3d at 770).

In that second appeal, Peel also argued that his punishment for illegally possessing child pornography that was legal when he created it violated the First Amendment's free speech clause and the *Ex Post Facto* clause of Article I of the Constitution. *Peel*, 668 F.3d at 510. The Seventh Circuit found both arguments frivolous and noted that Peel forfeited the arguments because he failed to raise them in his first appeal.

Since the dismissal of his second appeal, Peel has brought a series of collateral attacks on his conviction and sentence. On April 29, 2013, this Court denied his request to vacate, set aside or correct his sentence pursuant to a 28 U.S.C.A § 2255 petition, in which Peel claimed that he was denied the effective assistance of counsel. *Peel v. United States*, Case No. 12-cv-275-WDS; (Doc. 4, p. 23; Doc. 4-2, pp. 1-22). The claims of ineffectiveness included Counsel's failure to present his statutory and constitutional challenges to the child pornography statute at trial. This Court found no merit to Peel's claims that his attorneys were ineffective for failing to raise due process, First Amendment, equal protection and *ex post facto* arguments. (Doc. 4-2, pp. 5-9).

On May 11, 2014, Peel filed a habeas petition under 28 U.S.C. § 2241 in the Eastern District of Kentucky. *Peel v. Sepanek*, Case No. 14-cv-77, 2014 WL 3611151 (E.D. Ky.); (Doc. 4-1, pp. 70-75). He raised arguments that the child pornography statute (18 U.S.C. § 2252A(a)(5)(B)) violates the Equal Protection Clause, the Due Process Clause, the *Ex Post Facto* Clause and the Eighth Amendment. He also contended that he should have been sentenced under a lower guideline range based on newly-discovered evidence that establishes a lower value for the photographs he had possessed. *Peel v. Sepanek*, Case No. 14-cv-77, 2014 WL 3611151, at *2 (E.D. Ky. July 21, 2014). The court denied habeas relief, finding that Peel's claims could have been brought on direct appeal or in his initial § 2255 challenge. As such, they did not fall within the narrow scope of the "savings clause" found at 28 U.S.C. § 2255(e) and could not be brought under § 2241. *Peel v. Sepanek*, 2014 WL 3611151, at *3.

Peel next sought permission from the Seventh Circuit to bring a second/successive § 2255 petition to challenge the calculation of his intended loss, which if successful, would reduce his offense level. *Peel v. United States*, No. 15-3269 (7th Cir.); (Doc. 4-1, pp. 63-64). This application was denied because Peel had already challenged the intended loss calculation on

4

direct appeal and in his first § 2255 petition.

On December 4, 2015, Peel filed a "Motion to Reform Judgment and Sentence under Rule 60(b)" in this Court. It was ultimately denied as untimely (Doc. 4-1, pp. 58-59).

Another attempt by Peel to obtain authorization for a successive collateral attack was rejected by the Seventh Circuit on April 11, 2016. *Peel v. United States*, No. 16-1665 (7th Cir.); (Doc. 4-1, pp. 60-62). Peel attempted to challenge his conviction for possession of child pornography, but the court found that his arguments merely mirrored the arguments that were rejected in his direct appeal, and were therefore not cognizable in a successive § 2255 proceeding. (Doc. 4-1, p. 61). As to the bankruptcy fraud conviction, Peel argued that the "bankruptcy court's rejection of his ex-wife's claim undermines his fraud conviction." *Id.* The court reasoned, however, that "the bankruptcy court's decision does not implicate Peel's innocence as required by § 2255(h)(1).[1] Rather, the conviction is based on Peel's blackmailing of his ex-wife in an attempt to get her to drop the bankruptcy claim before the bankruptcy court's ruling." *Id.*

On July 25, 2016, Peel filed a motion in his criminal case, invoking Rule 60(d)(3) and seeking to set aside the Amended Judgment for fraud upon the Court. (Doc. 4, p. 24). The purported fraud was an allegedly false claim in the amount of $2,800,000 by attorney Donald W. Urban in the bankruptcy court,[2] which was then "perpetuated" in the criminal trial. (Doc. 4-1, p. 55; Doc. 253, p. 1 in criminal case). This Court found Peel's argument to be without merit and denied the motion. (Doc. 4-1, p. 57; Doc. 253, p. 3 in criminal case).

---

[1] Section 2255(h)(1) allows an appellate court to authorize a successive § 2255 motion if it presents: "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense[.]"

[2] This claim in the bankruptcy court was for funds that Petitioner owed to his ex-wife under the terms of their divorce settlement. The value of her claim was eventually determined to be substantially less by the bankruptcy court. (*See* Doc. 4-1, pp. 56-67).

Peel filed an appeal and on December 7, 2016, the Seventh Circuit vacated this Court's Judgment and remanded the matter with instructions to dismiss the motion for lack of jurisdiction. *United States v. Peel*, No. 16-3297 (7th Cir.); (Doc. 4-1, pp. 52-54). In his Rule 60 motion, Peel asserted that "newly discovered evidence" regarding the value of the bankruptcy claim required his bankruptcy fraud conviction to be set aside. He requested that the appellate court consider his motion on its merits. *Id.*

The Seventh Circuit found (as argued by Peel on appeal) that this Court should have construed the Rule 60(d)(3) motion as an unauthorized successive § 2255 motion, which was subject to dismissal on jurisdictional grounds. *United States v. Peel*, No. 16-3297 (7th Cir.); (Doc. 4-1, p. 53). (Doc. 4-1, p. 53). It also noted that even if the change in value of the claim could be considered "new evidence," that fact would not be sufficient to establish that no reasonable factfinder would have found him guilty of bankruptcy fraud. *Id*.

On January 18, 2017, Peel sought habeas relief in the United States Supreme Court. His Petition was summarily denied on April 24, 2017. (Doc. 4, p. 24; Doc. 4-2, p. 51).

**The Petition**

In this action, Peel asserts that he has newly discovered evidence which shows that he is "actually innocent" of bankruptcy fraud. This "new" evidence consists of: (1) A Bankruptcy Court Minute Record (Doc. 4-1, p. 20) that shows his ex-wife "had voluntarily abandoned her objection to a bankruptcy § 702 discharge **two weeks <u>prior</u>** to any alleged misconduct by [Peel]" (Doc. 4, p. 2) (emphasis in original); and (2) Three court orders (one each from the bankruptcy court, the district court and the appellate court) establishing that his ex-wife's claim of

$2,800,000 was false and was only worth $144,055.63.[3] Peel had made settlement offers to his ex-wife in sums exceeding the lesser amount. The jury was not informed of the ex-wife's abandonment of her objection to the discharge or of the falsity of her claim. (Doc. 4, pp. 2, 41-46).

As to the conviction for possession of child pornography, Peel claims actual innocence (on the basis that when the pictures were taken in 1974, the girl in the photographs was not considered a minor) and asserts that his conviction was in violation of the Free Speech Clause, the *Ex Post Facto* Clause, the Due Process Clause (both the "Fair Notice" and the "Takings" portions) and the Equal Protection Clause. (Doc. 4, p. 3).

In summarizing his previous challenges to the convictions, Peel maintains that his earlier § 2241 petition (*Peel v. Sepanek*, Case No. 14-CV-77 (E.D. Ky.)) was "denied on procedural grounds without a decision on the merits." (Doc. 4, p. 23). Likewise, he asserts that his October 2015 application to the Seventh Circuit (No. 15-3269) to bring a successive § 2255 motion based on "newly discovered evidence" was "procedurally denied without a decision on the merits." *Id.* Peel makes the same point – that his previous collateral attacks were rejected on procedural grounds, without ever reaching the merits of his arguments – as to his Rule 60(b) motion of December 4, 2015 and January 18, 2017 Petition for Writ of Habeas Corpus filed with the Supreme Court. (Doc. 4, p. 24). He argues, he has "never enjoyed the unencumbered opportunity to have his habeas constitutional challenges addressed on their merits." (Doc. 4, p. 29).

Peel asserts that a second or successive § 2255 motion is both inadequate and ineffective to address his claims. (Doc. 4, pp. 25-28). Specifically, he states that the one-year time limit in

---

[3] The Bankruptcy Court order valuing Petitioner's ex-wife's claim at $158,455.63 rather than $2,800,000 is included at Doc. 4-1, pp. 36-42. The District Court affirmed that order. The Seventh Circuit later found the value of her claim to be $144,055.63. *In re Peel*, 725 F.3d 696 (7th Cir. 2013). (Doc. 4, p. 44).

28 U.S.C. § 2255(f) would bar a second or successive § 2255 claim based on "newly discovered evidence"[4] because of the time frame he claims that evidence came to light. (Doc. 4, pp. 26-28). He further argues that no time bar applies because he raises a claim of "actual innocence." (Doc. 4, pp. 34-35).

As to the bankruptcy fraud conviction, Peel argues that the Bankruptcy Court Minute Record (Doc. 4-1, p. 20) qualifies as "newly discovered evidence" because, although it was "available at the time of trial," it was not presented to the jury. (Doc. 4, p. 38). He further argues that the bankruptcy, district court and appellate court decisions which allegedly demonstrate the falsity of the evidence supporting his conviction did not arise until 4 years after his conviction. *Id.* Similarly, he claims that the constitutional arguments he now raises against the child pornography conviction "did not arise until 2-12-10" when the Seventh Circuit issued its decision on his first direct appeal. (Doc. 4, p. 39).

As relief, Peel requests that this Court vacate his convictions for bankruptcy fraud and possession of child pornography. (Doc. 4, p. 78).

**Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Here, Peel is attacking his

---

[4] 28 U.S.C. § 2255(f) sets forth a 1-year period of limitation for filing an initial § 2255 motion, triggered by 4 alternative events, with the limitation period to "run from the latest of – (1) the date on which the judgment of conviction becomes final; . . . or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

8

conviction and sentence, which implicates § 2255 as the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the Petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that a petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, under § 2241, a petitioner must establish the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

Following *Davenport*, in order to trigger the savings clause, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

9

The application of the § 2255(e) savings clause was cogently explained to Peel in the Order dismissing his § 2241 petition in the Eastern District of Kentucky. Specifically, a prisoner's claim of "actual innocence" can only be addressed in the context of § 2241 if the Supreme Court "re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute." *Peel v. Sepanek*, Case No. 14-cv-77, 2014 WL 3611151, at *3 (E.D. Ky.) (citing *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012)); (Doc. 4-1, pp. 74-75). The Seventh Circuit takes the same approach – "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Peel does not point to any new statutory interpretation case, unavailable at the time of his initial §2255 motion, that would alter the interpretation of the statutes under which he was convicted in such a way that his conduct can no longer be considered criminal. Thus, he fails to meet either of the first two conditions established in *Brown*, 719 F.3d at 586. As such, even an assertion of a "fundamental defect" in the conviction (the third *Brown* condition) is insufficient to bring Peel's claim within the savings clause of § 2255(e), and therefore within the realm of claims cognizable in a § 2241 habeas action.

For his claim that he is "actually innocent," Peel relies on arguments that he unsuccessfully presented or attempted to bring in one or more of his earlier challenges. But in order for a claim to come within the savings clause for consideration in a § 2241 habeas proceeding, the claim must be one that could not have been brought within the framework of either an original or successive § 2255 motion. *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002); *In re Davenport*, 147

F.3d 605, 609-10 (7th Cir. 1998). Each of Peel's arguments were or could have been brought under § 2255, and some were or could have been raised on direct appeal. As such, the claims cannot now be addressed under § 2241.

Peel's challenge to his bankruptcy fraud conviction is based in part on the Bankruptcy Court minute order dated January 6, 2006 (Doc. 4-1, p. 20), which he admits was available to him at the time of his trial.[5] (Doc. 4-2, pp. 14-15). There is simply no basis for this Court to construe the minute order as "new evidence" that would be cognizable in a § 2241 habeas action.

The other three court orders on which Peel pins his "actual innocence" claim all relate to the valuation of his ex-wife's claim in his bankruptcy proceeding – a claim she continued to pursue throughout Peel's criminal proceedings and beyond. In the original § 2255 proceeding, this Court found that Peel's ex-wife did not withdraw her opposition to the bankruptcy proceedings and concluded that the specific amount of her bankruptcy claim was not relevant to Peel's guilt or innocence as to the criminal charges, because he was seeking a discharge of his obligation to her under the marital settlement agreement regardless of the amount. (Doc. 4-2, pp. 14-15). The Seventh Circuit agreed that the devaluation of the ex-wife's bankruptcy claim was insufficient to raise a question about the validity of Peel's conviction when it denied authorization for a successive § 2255. *Peel v. United States*, No. 16-1665 (7th Cir. April 11, 2016); (Doc. 4-1, pp. 60-62). The Seventh Circuit reached the same conclusion when Peel filed the Rule 60(d)(3) motion claiming that he had "newly discovered evidence" on the value of the bankruptcy claim. *United States v. Peel*, No. 16-3297 (7th Cir. Dec. 7, 2016); (Doc. 4-1, p. 53). Against that background, this Court cannot conclude that a structural problem in § 2255 prevented Peel from raising this claim in a § 2255 motion. Thus, the claim cannot be raised in a § 2241 action.

---

[5] Peel argued in his § 2255 motion that his attorneys should have introduced the evidence at trial.

Turning to Peel's child pornography conviction, he has previously raised the same statutory and constitutional challenges on appeal and under § 2255. In the first appeal, the Seventh Circuit rejected Peel's argument that the photographs were not illegal when taken in 1974 and therefore should not have been considered child pornography in 2005-06. *United States v. Peel*, 595 F.3d 763, 770 (7th Cir. 2010); *see also United States v. Peel*, 668 F.3d 506, 510 (7th Cir. 2012). In the second appeal (from the amended judgment), the Seventh Circuit rejected Peel's free speech and *ex post facto* challenges as both frivolous and forfeited. *Peel*, 668 F.3d at 510.

Peel again raised the statutory argument as well as due process, First Amendment, equal protection and *ex post facto* arguments for his claims of ineffective assistance of counsel in his original § 2255 motion. This Court considered them and found them to be without merit. His attempt to raise these same arguments in a successive § 2255 motion was rejected because they had already been raised on direct appeal. *Peel v. United States*, No. 16-1665 (7th Cir. April 11, 2016); (Doc. 4-1, pp. 60-62). As was true with his bankruptcy fraud challenge, § 2255 provided a framework for Peel to raise his claims. The fact that his arguments were rejected does not open the savings clause door for him to now bring them in a § 2241 proceeding.

As noted above, all of Peel's claims herein either were, or could have been, brought within the structural framework of § 2255 or in a direct appeal. Therefore, his conviction cannot properly be reviewed under § 2241 and his Petition must be dismissed.

## Disposition

Petitioner Gary Peel's 28 U.S.C. § 2241 Petition is summarily **DISMISSED** with prejudice. All pending motions are **DENIED AS MOOT**.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within the appropriate time period for his case, as provided in Federal Rule of Appellate Procedure 4(a). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Peel plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he may be required to pre-pay a portion of the $505.00 appellate filing fee, commensurate with his ability to pay. *See Walker v. O'Brien*, 216 F.3d 626, 638 n.5 (7th Cir. 2000); FED. R. APP. P. 3(e). An appellant who is granted IFP status still incurs the obligation to pay the entire appellate filing fee. *Thomas v. Zatecky*, 712 F.3d 1004, 1004-05 (7th Cir. 2013); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 16, 2017**

s/ STACI M. YANDLE
United States District Judge